IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY ALLEN JIMENEZ,<br><br>Defendant. | CR 18-91-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Gary Allen Jimenez (Jimenez) has been accused of violating the conditions of his supervised release. (Doc. 73). Jimenez admitted some of the alleged violations. Jimenez's supervised release should be revoked. Jimenez should be sentenced to custody for a term of 5 months, with 47 months m of supervised release to follow. The custodial term shall run concurrently with the sentence imposed in CR-22-29. During the first six months of supervised release, Jimenez shall be placed in a secure in-patient substance abuse treatment facility, such as Connections Corrections, at the direction of his probation officer.

## II.     Status

Jimenez pled guilty on July 9, 2019, to the offense of Distribution of a Controlled substance to Person Under 21, in violation of 21 U.S.C §§ 841(a), 859(a) as charged in Count 2 of the Indictment. (Doc. 44). Jimenez was sentenced to 33 months of custody, with 6 years of supervised release to follow. (Doc. 50). Jimenez's current term of supervised release began on April 25, 2024.

**Petition**

On December 29, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Jimenez's supervised release. (Doc. 23). The Petition alleged Jimenez violated conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on November 19, 2025; (2) interacting with a person he knew to be engaged in criminal activity on December 23, 2025; (3) committing another federal, state or local crime by being charged on December 23, 2025 with the misdemeanor offenses of:   Careless Driving, in violation of Blackfeet Tribal Code 61-8-302(11); Displaying Plates Assigned to another Vehicle, in violation of Blackfeet Tribal Code 51-3-301(3)(2); and Possession of Drug Paraphernalia, in violation of Blackfeet Tribal Code Ordinance 95, Section H and (4) using methamphetamine on December 23, 2025.

### Initial Appearance

Jimenez appeared before the Court on January 6, 2025. Jimenez was represented by counsel. Jimenez stated that he had read the Petition and that he understood the allegations against him. Jimenez waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Jimenez appeared before the Court on January 6, 2026. Jimenez admitted that he had violated the conditions of supervised release as set forth in allegations 1, 2 and 4 of the Petition. The Government moved to dismiss allegation 3, which the Court granted. Jimenez's admitted violations, 1, 2 and 4, are serious and warrant revocation of his supervised release.

### Sentencing hearing

Jimenez appeared before the Court on January 6, 2025. Jimenez's violations are Grade C. His criminal history category is III. Jimenez's underlying offense is a Class B felony. Jimenez could be incarcerated for up to 36 months. Jimenez could be ordered to remain on supervised release for 52 months less any custody time

imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Jimenez's supervised release should be revoked. Jimenez should be sentenced to custody for a term of 5 months, with 47 months of supervised release to follow. The custodial term shall run concurrently with the sentence imposed in CR-22-29. During the first six months of supervised release, Jimenez shall be placed in a secure in-patient substance abuse treatment facility, such as Connections Corrections, at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Jimenez that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Jimenez of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Jimenez that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That GARY ALLEN JIMENEZ has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on November 19, 2025; (2) interacting with a

person he knew to be engaged in criminal activity on December 23, 2025; and (4) using methamphetamine on December 23, 2025.

The Court **RECOMMENDS**:

The District Court revoke Jimenez's supervised release and sentence Jimenez to custody for a term of 5 months, with 47 months of supervised release to follow. The custodial term shall run concurrently with the sentence imposed in CR-22-29. During the first six months of supervised release, Jimenez shall be placed in a secure in-patient substance abuse treatment facility, such as Connections Corrections, at the direction of his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of January 2026.

/s/ John Johnston
John Johnston
United States Magistrate Judge